Good morning, I'm Judge Gould, and I welcome all the advocates here today, and the court, court staff. I'm presiding today, and on my right, I'm pleased to be sitting with Judge Lee, and also with Judge H.A. Thomas on my left. There are a number of cases that we submitted on the briefs that I don't need to discuss, but we'll start with the first case on our argument, on our argument calendar, which is Race, Pearl Race v. James The case is set for 10 minutes per side, so if you want to make a rebuttal argument, please stop before all your time has gone. But I'm sort of a softy, so if you need an extra minute or two, you'll just ask for it. Okay, please proceed. Thank you, Your Honor. May it please the Court, my name is Nancy Schwartz, and I represent the appellant, Mr. Sidney, or Carl Sidney Race. Mr. Race, who is now 74 years old, filed a 2254 petition in Federal District Court, challenging his Montana State conviction. He had a conviction of two counts of deliberate homicide, two counts of attempted deliberate homicide, for which he received a sentence of four life consecutive sentences, plus 40 years for use of a weapon. Importantly, he also received a sentence that denied him the ability to have parole. The Montana Federal District Judge, Susan P. Waters, summarily dismissed Mr. Race's petition as untimely, without giving him a prior opportunity to respond, Mr. Race appealed, and this Court issued a certificate of appealability on the issue of whether the District Court erred by dismissing the petition as untimely, without notice and opportunity to respond. So, can you just please tell me or tell us what arguments your client would have made that he didn't already make? Because he offered a pretty long explanation of why his untimeliness should be excused, so what more could there possibly have been? Right, and what benefit would there be in remanding it to the District Court, which is what I'm asking. And in responding to that, I will adopt the answer to that argument that was given by David Ness in a recent case that was before this Court, which was NICE v. Bloodworth, and I didn't file a 28-J letter on that, but the site is 114 F. 4th, 1038. And what he argued was that there's always a benefit in requiring compliance with the rules. And when the District Court doesn't do an appropriate procedure, then it's appropriate for this Court to notify the District Court of that fact and make them do the right way. Obviously, Mr. Race has a very high hill to climb on this as far as establishing equitable tolling. I understand that. But the point is, is that his due process rights were deprived when he was not given prior notice to respond. And that was something that he assumed that he would be. And Judge Waters is a very conscientious judge, but she was also the same judge in that NICE case. And so I think it is appropriate to remand this case back to make sure that due process is followed. But I guess if we think of due process, the value of it is to be heard. And here he presented his argument, he cited cases, he cited statutes, he discussed it. So hasn't he effectively been heard already? On some of it. I mean, he was acting pro se, and I think that's very important. He was not represented by an attorney. And I was developing a wish list, you know, if this case were remanded back. One of the things I would look at was a neurological evaluation and CT scan with an EEG, which was something that was recommended by one of the psychiatrists that had originally evaluated Mr. Race, and that didn't happen. I think Mr. Race's concern from the beginning was that he was not receiving mental health treatment to which he had been promised as a condition of his plea. But due process doesn't guarantee you the best argument or the most complete argument, it's just opportunity to be heard. And here it seems like he's been heard already. I understand he could present more things, additional evidence, but essentially he's been heard. Well, and also the district court didn't look at the right time frame. What she looked at was the period of time that took place when he was before the district court as to whether or not he had any sort of mental impairment. And the real issue here is during that period of time of the equitable tolling, whether or not he had mental impairment during that period of time. So there wasn't any evidence presented on that issue. Counsel, I have a few questions. Sure. One is, what are the best cases that you would cite to us for the principle that notice and opportunity to be heard are fundamental to due process? Well, obviously the Ninth Circuit case, Wensel v. Nevin, is the one that I think that is directly on point, and it does require prior notice before this can be dismissed summarily. I'm not challenging the district court's authority to sua sponte address the issue. What I'm challenging here is whether or not the district court has to provide notice to the defendant before she does dismiss it. I mean, the judge jumped right over from not requiring the state to respond to dismissing it without giving Mr. Race an opportunity to respond. Okay, I want to ask you a question about Judge Lee's question to you. So he asked whether your client had already made his case for why he should be heard. And the question I have is, I know he made a lot of arguments about the statute of limitations, but did he respond in advance to every jot and tittle of argument that were presented against him without having seen it? It would seem that would require sort of some ability to prophecy. I definitely agree, Your Honor. And also, this is a pro se petitioner who is now 74 years old, and he also has obvious mental impairments. Other things that were addressed was whether or not he is blind. I understand he had an injury to his eye that detached a retina, so he was already blind in one eye. And since then, he's developed a severe cataract in the other, so he's not able to see very well. So there are issues that need to be addressed. One of the things that I also was curious about was Judge Waters relied on the fact that he had access to other inmates to help him. And I really question whether or not that is something that is available to inmates at the Montana State Prison. And of course, this is an old conviction, so what was going on back when he, during the time frame of tolling here, is in question. So all of those things need to be developed. He's in prison for life, correct? He is in prison for life without the possibility of parole. Can you, you had mentioned a case, Nice v. Bloodworth, what is that, it wasn't cited in the brief, what is that case, sorry? That was a case that came down after I filed my reply brief, and I can file a 28-J letter on that. But that actually was a rule for dismissal by Judge Waters. Not on the exact same facts, Mr. Nice was also not given an opportunity to respond. But she actually went through the petition and got some additional evidence, and then dismissed it without requiring the state to respond on the merits. And so the issue was whether or not she should have done that, or based on the pleadings, accept it as true whether or not she should have done that. And this court reversed and said no, that that needed to be remanded for further hearing. Okay, so I think you should, you don't have to file a 28-J letter. If you want, you can just give the clerk a copy of the case site, and she can provide it to us. But if you want to cite the case in a letter, you could do that. To be certain, we focus on it. But just please don't make argument in your letter. Correct. State only, okay. In your honor, for the benefit of the court, it's my understanding that counsel for the state was the person who made that argument in Nice as well. And with that, I'd like to reserve the remaining time for my rebuttal. Thank you. Thank you. Okay, we'll hear from the appellee now. May it please the court. Corey Losing on behalf of the state of Montana. Because it is unmistakably clear on the face of race's habeas petition, that his petition is untimely and he is not entitled to equitable tolling, the district court did not deprive race of notice of and the opportunity to be heard on the untimeliness of his petition before it dismissed it pursuant to rule four as untimely. Rule four, as we've discussed, does require notice and opportunity before a federal district court can dismiss it on procedural grounds. However, here, we're not dealing with a traditional application of rule four, because we're not dealing with a traditional pro se petition that's being filed. Race made the choice to preemptively plead equitable tolling, which is uncommon. Most pro se applications just simply lay out their conviction date and their maybe post conviction dates. Let's maybe stop and break down the requirements. What was the notice that race received here before his petition was summarily dismissed? I mean, yeah, where would you argue that that was received or when was it received? He was aware of the untimeliness. He, in the beginning of his memorandum in support of the petition, said that he recognized that there was an exceedingly long delay between his conviction. And when he filed this habeas petition. But that wasn't exactly my question. My question wasn't whether he was aware, but what was the notice that he received? Because that's what we require, is advance notice. So I'm just wondering if there's some place where you think he got that notice from. He did not get that notice from the district court, but he was aware. And I think that when we're looking at the flexibility that due process is with notice and I think he was put on, he was aware of the untimeliness enough that he decided to try to excuse it by pleading equitable tolling. Okay, counsel, he was aware of untimeliness. And he tried to cover that in his petition. But was he aware of all the arguments that the government made in its motion? There was no motion by the government in this case. But he did assert several avenues to try to excuse his untimeliness through equitable tolling. He raised state impediments, he raised attorney abandonment, and he raised mental impairment. So he raised kind of like, I would say, like the kind of the big three of equitable tolling to try to excuse this. None of them were viable in this case, because he simply just wasn't entitled to equitable tolling, he didn't meet his burden there. And it's similar to these circumstances that the language in the Second Circuit, Acosta versus Arturas, and the language from the Fourth Circuit in Hill versus Braxton, where they've kind of recognized that, yes, at its base, most pro se litigants are going to need this notice and opportunity. But there may be instances in which it's so clear from the face of the petition. But how do we get around the language of our precedent in the Ninth Circuit in Wenzel, in which we said that for a pro se petitioner, the court must make clear the grounds for dismissal and the consequences of failing to respond. That there has to be notice, which you've acknowledged that we did not have here from the district court, and then an opportunity to respond. I mean, I'm just wondering how we as a three-judge panel are supposed to get around that, where's the opening that you see in Wenzel? In Wenzel, I don't believe that there were facts that he preemptively pled equitable tolling. So in the face of the petition, it was just that it was time barred. The district court didn't have all of the facts to support that there could be a possibility that the untimeliness could be excused. So I think that that is one avenue. I think here we're dealing again with this very rare set of circumstances where the district court has all this information before it, more so than the standard pro se petition, to consider. And here, certainly, race was heard on his equitable tolling argument, which generally would be the basis, right, of that notice and opportunity. It's the opportunity to present your position. What's the line that you would advocate for if, what if a petitioner, I don't know, says three paragraphs about equitable tolling? Is that enough to get around Wenzel? Do we have to have a page? Do we have to have 20 pages? Where do you think the line should be? I think it's simply looking at each case facts and circumstances and figuring out how much process is due under those cases. So if there's three paragraphs and they don't set forth any sufficient other than maybe like a conclusory statement that I'm entitled to equitable tolling. Well, I think under those, you would probably be afforded notice and opportunity that your petition's going to be dismissed on untimeliness, unless you can excuse it. But here, he did have a developed argument. He set forth the Ninth Circuit standards for whether or not he's entitled to equitable tolling. He tried to raise several grounds, and he was heard. And also, back to how we kind of get around this is, under rule four, when district courts do dismiss using rule four on the merits, if they found that it's a frivolous claim that's being asserted, before they do that type of dismissal, they're not required to provide the notice and opportunity. It's on the procedural bars to filing a habeas petition. So procedural default, exhaustion, untimeliness, but it's not on a merits-based assessment. And I think, like Ray said here, when he preemptively pled equitable tolling, he kind of tossed into this quasi-merits universe, where the district court had all the arguments before it, and could review those. And she did hear, before she dismissed it under rule four, because she found that he wasn't entitled to equitable tolling. Okay, I have a further question. It seems like the law ought to allow a sua sponte dismissal. In some cases, as the rule indicates. But here, in this case, where your client, not your client, but where the prisoner's got a life sentence. Like I just wondered, it sounded like, where's the fire? Why did the district court feel he had to act so promptly? The district court could not give notice to the habeas petitioner. I think here, your honor, she acted promptly because she just, the federal district court here, operated under what it's required to do under rule four, and if a petition lacks merit, they are required to dismiss that petition. She reviewed all the documents that were provided. She reviewed his arguments. She found that legally he's not entitled to equitable tolling to excuse the 24 year delay it took from the expiration of his statutory time frame, or statute of limitations, until he filed his habeas petition. And she summarily dismissed it on those grounds. And I don't think that it's a matter of whether or not she was too prompt or anything like that. I think it's just certainly under these circumstances, he was aware of the untimeliness. He attempted to excuse it. His arguments couldn't prevail under the law. Thank you, counsel. So under rule four, if we look at these different types of avenues in which it can be satisfied, again, he had the opportunity to be heard on his position before she dismissed it. Judge Waters considered all the available arguments that he made, and she even at times gave him the benefit of the doubt. Detailing that even if she were to, for argument's sake, do find that he had a mental impairment that was so severe. And even toll a portion of the time, there was just too much time there that he needed to toll in order to have a timely habeas petition filed. And so even looking at all those time periods, he simply could not show that his mental impairment was so debilitating that it was the but for cause for the untimeliness. He filed numerous PCR petitions during that time. He had awareness that he needed to file his own notice of appeal. He requested his documents in the case during that time. He's made all these different moves that undermine that his mental impairment would prevent him from filing a timely petition, habeas petition here. And he also in that, those same facts, didn't diligently pursue his rights. Particularly, there were chunks of time between the 2002 second petition for post-conviction relief filed and the third one filed in 2017. And again, the six-year gap between the 2017 PCR petition and his habeas petition being filed in 2023. Under all of those facts, the district court correctly concluded that his petition was untimely and it couldn't be excused by equitable tolling. And because of that, Rule 4 required her to dismiss it. And of course, again, he was heard on those arguments before she did so. So his notice and opportunity under Rule 4 were satisfied in this case. I ask that you affirm the federal district court. Thank you. Thank you, counsel. You will hear any brief rebuttal from the panel. Thank you. And obviously, I don't want to repeat what I've already said in my first argument. I am asking this court to follow Winsell. I think that there's no way around that. I looked for any cases I could find where a case had been dismissed without providing prior notice and opportunity to be heard to a petitioner. The state had cited to a Fourth Circuit case. Even in that case, it was remanded back for a hearing. So I couldn't find a single case where a fourth dismissal took place on these grounds for procedural or for timeliness. And so I'm just asking this court to follow Winsell v. Nevin and remand this case back to the district court. Thank you. Thank you, counsel. Unless one of my colleagues has a question, we will now submit this case and we'll decide eventually and we'll alert the parties of our decision in due course.
judges: GOULD, LEE, THOMAS